LITTLER MENDELSON
A Professional Corporation
Attorneys for Petitioner
    PLS Financial Services, Inc.
900 Third Avenue
New York, NY  10022.4834
212.583.9600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLS FINANCIAL SERVICES, INC., | ""Case No. |
| Petitioner, | |
| -against- | |
| JESENA ABREU SOLIMAN, | '"PETITION TO ""COMPEL ARBITRATION |
| Respondent. | |

Petitioner PLS FINANCIAL SERVICES, INC., ("Petitioner" or "PLS Financial") by and through its attorneys, Littler Mendelson, P.C., for this Petition brought pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, to compel Respondent JESENA ABREU SOLIMAN ("Respondent" or "Soliman" and together with PLS Financial, the "Parties") to arbitrate claims against her former employer PLS Check Cashers of New York, Inc. ("PLSCCNY") on an individual basis in accordance with the Parties' binding and mandatory arbitration agreement, alleges as follows:

## NATURE OF THE ACTION

1.    PLS Financial brings this Petition pursuant to Section 4 of the Federal Arbitration Act ("FAA") to compel Soliman to arbitrate all claims she brought, or could have brought, against PLSCCNY in a civil action filed in the Supreme Court of the State of New York, County of New York on October 25, 2018 titled *Jesena Soliman, on behalf of herself and*

FIRMWIDE:162342609.3 090114.1063

*all others similarly situated against PLS Check Cashers of New York, Inc.*, Index No. 159898-2018 (the "Complaint") on an individual basis. *See* attached **Exhibit A**. Soliman filed this Complaint alleging claims on behalf herself and a putative class of other similarly situated individual in state court even though she was contractually precluded from filing any claim on behalf of any other persons. The Parties' arbitration agreement requires that the claims brought by Soliman in the Complaint be submitted to binding arbitration in New York *on an individual basis* solely on her own behalf. *See* attached **Exhibit B**.

**PARTIES**

2.      Petitioner PLS Financial is a citizen of Illinois. It is a corporation incorporated under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois. PLS Financial provides support services, including human resources, legal counsel, payroll processing, marketing, accounting, and related services to various affiliated entities, including Respondent's former employer, PLSCCNY. *See attached* **Exhibit C,** Declaration of Tracie Marcus at ¶ 4.

3.      Respondent Soliman is a citizen of New York. Soliman was employed as a non-exempt hourly paid "Customer Service Representative" by PLSCCNY from August 15, 2016 until her separation effective October 13, 2018. *Id.* at ¶ 5.

**JURISDICTION**

4.      This Court has jurisdiction over the Petition pursuant to 28 U.S.C. § 1332 because the Parties to this Petition are citizens of different states.

5.      The amount in controversy requirement set forth in 28 U.S.C. § 1332(a) is also satisfied. Soliman seeks actual and liquidated damages for herself and a putative class alleged to be in excess of 100 putative "class members" for unpaid wages arising from alleged non-payment of "uniform maintenance pay or reimbursement" under Article 19 of the New York

Labor Law for a period of six years (312 weeks). *See* **Exhibit A** at ¶¶ 16-19.  Article 19 of the New York Labor Law currently sets the weekly uniform maintenance pay at $11.20.  Based on the length of Soliman's own employment totaling 112 weeks, a conservative estimate of the amount of actual and liquidated damages in controversy exceeds $250,000.

5. Venue is proper in this Court pursuant to 9 U.S.C. § 4 and because a substantial part of the events giving rise to this action occurred in this judicial district.  Venue is also proper here because the Parties' written arbitration agreement provides for individual mandatory binding arbitration in New York.

## RELEVANT FACTS

6. PLS Financial provides administrative support services, including legal, payroll, and human resources support, to several different entities including PLSCCNY, a retail financial services provider that operates multiple currency exchange locations throughout New York.  *See* **Ex. C** at ¶ 4.

7. Soliman was employed as a non-exempt hourly paid Customer Service Representative by PLSCCNY from August 15, 2016 until her separation effective October 13, 2018.  *Id*. at ¶ 5.

8. On August 15, 2016, Soliman executed an "Arbitration Policy/Agreement" ("Arbitration Agreement") with PLS Financial. PLS Financial executed the Arbitration Agreement on July 12, 2016. *Id*. at ¶ 6.

9. Under Section 1 of the Arbitration Agreement, the Parties agreed that "**all disputes** regarding the employment relationship … [including] compensation, pay, benefits … and any and all state statutes addressing the same or similar subjects" must be resolved "**only by an arbitrator through final and binding arbitration and not by way of court or jury trial**". *See* **Ex. B** at §1 (Emphasis added.)

-3-

10.     The Parties further agreed that the "Agreement is enforceable under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA")".  The Parties also agreed that the "location of the arbitration proceeding shall be no more than 45 miles from the location where Employee last worked for any PLS entity." *Id.*  The location where Soliman last worked for any PLS entity was the Bronx, New York. *See* **Ex. C** at ¶ 5.

11.     The Parties agreed that their claims would be arbitrated on an ***individual basis only***.  Specifically, the Arbitration Agreement expressly prohibited class claims, stating:

> **"Employee and PLS agree to bring any Covered Claim on an individual basis only. This Agreement prohibits Employee and PLS from:**
> **i.      filing a class action, collective action, representative action, private attorney general action , or similar proceeding;**
> **ii.     opting into a class action, collective action, representative action, private attorney general action, or similar proceeding;**
> **iii.    becoming a class member in a class action, collective action, representative action, private attorney general action, or similar proceeding; or**
> **iv.     recovering through a class action, collective action, representative action, private attorney general action, or similar proceeding."**
> *Id.* at § 4. (Emphasis in original.)

12.     Soliman had the opportunity to *opt out* of the Arbitration Agreement by submitting an "Arbitration Policy/Agreement Opt Out Form" within thirty (30) days of her execution of the Arbitration Agreement. *Id.* at § 9.  Soliman elected *not to opt out* of the Arbitration Agreement. *See* **Ex. C** at ¶ 7.

13.     "By not opting out of this Agreement within the [30 day] Opt-Out Period" Soliman agreed that "she will be deemed to have agreed to be bound by this Agreement." *Id.*

14.     Soliman signed and dated the Arbitration Agreement indicating her acknowledgement, understanding, and acceptance of the terms contained therein. *Id.*

15.     It was also agreed that the Arbitration Agreement remains in effect "after Employee is no longer employed by any PLS entity." *Id.*

FIRMWIDE:162342609.3 090114.1063

16.     Both PLS Financial and Soliman voluntarily relinquished their ability to bring class claims related to Soliman's employment.  The Parties agreed that any dispute related to Soliman's employment would be resolved exclusively on an individual basis through final and binding arbitration in New York.

17.     Notwithstanding these clear contractual provisions, on October 25, 2018, Soliman filed a complaint against PLSCCNY to recover alleged unpaid wages related to uniform maintenance expenses owed to Soliman and "all similarly situated persons who are presently or were formerly employed by PLS" in the Supreme Court of the State of New York.  *See* **Ex. A**.

18.     The Complaint's claims are directly related to Soliman's employment and are among the express claims covered by the Arbitration Agreement.

19.     By the plain terms of the Arbitration Agreement, Soliman's wage related claims must be resolved on *an individual basis* through binding arbitration in New York. *See* **Ex. B** at § 1.  The filing of the Complaint alleging putative class claims in state court directly violated the Parties' Arbitration Agreement.

20.     Because Soliman's claims should have been brought solely on an individual basis and through arbitration, PLS has demanded that Soliman withdraw her state court putative class action complaint.  Soliman has refused.  As an alternative, PLS offered to stay the state case pending arbitration of Soliman's *individual claim* provided that Soliman also stipulated that the class allegations in the pending state Complaint be stricken or withdrawn with prejudice.  *See* **Exhibit D,** Declaration of Ines Monte.

21.     Soliman has acknowledged that she must proceed on her individual claims in arbitration, but has refused to stipulate to the dismissal or withdrawal of the putative class allegations in her complaint.  Soliman maintains that notwithstanding the Parties' unequivocal

arbitration agreement, by virtue of filing a putative class complaint in direct violation of the agreement, she is entitled "to provide notification to the putative class of the arbitration's resolution." *Id*.

22.     PLS Financial intends to file a motion to dismiss or to strike the class allegations while staying Soliman's individual claims in the state court Complaint pending this Court's resolution of this Petition.

## COUNT I
## Order Compelling Arbitration Pursuant to 9 U.S.C. § 4

23.     PLS Financial repeats and re-alleges the allegations set forth in Paragraphs 1 through 22 above as if fully set forth herein.

24.     The Arbitration Agreement is a valid and enforceable contract between PLS Financial and Soliman. The Arbitration Agreement requires that any and all claims related to Soliman's employment at PLSCCNY, including claims for any underpayment of wages or other compensation or benefits under state law, be decided exclusively on an *individual basis* through mandatory binding arbitration in New York.

25.     Soliman filed her Complaint in state court as a putative class action in direct contravention of her Arbitration Agreement. Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, this Court has authority to compel Soliman to arbitrate the claims brought in the Action solely *on an individual basis* in this district.  Soliman has no entitlement to send notice of any resolution in the arbitration to a putative class that she has no standing to represent, under the express terms of the Arbitration Agreement.  Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, this Court has authority to compel Soliman to withdraw or strike the purported class allegations in the Action.

FIRMWIDE:162342609.3 090114.1063

## **PRAYER FOR RELIEF**

**WHEREFORE**, Petitioner demands judgment as follows:

A.     That the Court issue an order, pursuant to Section 4 of the Federal Arbitration Act, compelling Respondent Jesena Abreu Soliman to submit to binding arbitration in New York on an individual basis all claims asserted in the Action, as well as any and all claims that could be brought in such Action that relate to Soliman's employment at PLS Check Cashers of New York, Inc.

B.     That the Court issue an order, pursuant to Section 4 of the Federal Arbitration Act, compelling Respondent Jesena Abreu Soliman to withdraw or dismiss any putative class claims asserted in the Action.

C.     That the Court grant any other relief that it deems just and proper.

Dated:    February 14, 2019
      New York, NY

**LITTLER MENDELSON, P.C.**

By:    /s/ Eric D. Witkin
      Eric D. Witkin
900 Third Avenue
New York, NY  10022
(212) 583-9600

Ines Monte (*pro hac vice* application to be filed)
321 North Clark Street, Suite 1000
Chicago, IL 60654
(312) 372-5520
*Attorneys for Petitioner PLS Financial Services, Inc.*

FIRMWIDE:162342609.3 090114.1063