# EXHIBIT A

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
JESENA SOLIMAN, on behalf of herself
and all others similarly situated,

                        Plaintiffs,

   -against-

PLS CHECK CASHERS OF NEW YORK, INC.,

                        Defendant.
-----------------------------------------------------------------------x

Index No.: _____

**COMPLAINT**

Plaintiff JESENA SOLIMAN ("Plaintiff"), on behalf of herself and all others similarly situated, brings this action for damages and other legal and equitable relief against Defendant PLS CHECK CASHERS OF NEW YORK, INC. ("Defendant"), upon personal knowledge as to herself and upon information and belief as to others, for violations of the New York State Labor Law ("NYLL"), the New York Code of Rules and Regulations ("NYCRR"), The New York Wage Theft Prevention Act, and any other causes of action that can be inferred from the facts set forth herein:

**PARTIES**

1. Plaintiff is a citizen of New York State and resides in Bronx County, New York.

2. Plaintiff was throughout her entire employment with Defendant, a covered, non-exempt employee within the meaning of the NYLL. As such, Plaintiff was, and is, entitled to be paid in full for all hours worked.

3. Upon information and belief, Defendant PLS Check Cashers of New York, Inc. is a domestic corporation organized pursuant to the laws of the State of New York with locations throughout New York State.

1

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

4. Defendant employed Plaintiff at Defendant's locations in Bronx, New York and New York, New York.

5. Defendant and maintained control, oversight, and direction over Plaintiff in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

6. Plaintiff was employed by Defendant as a cashier/teller from approximately August 15, 2016 through present.

7. Plaintiff's rate of pay was $10 per hour in 2016, the applicable minimum wage for a large employer in New York City.

8. Plaintiff's rate of pay was $11 per hour in 2017, the applicable minimum wage for a large employer in New York City.

9. Plaintiff's rate of pay was $13 per hour in 2018, the applicable minimum wage for a large employer in New York City.

10. Plaintiff worked approximately five to six days per week with shifts lasting from eight to ten hours.

11. Defendant is considered a large employer, having at least 11 or more employees during the duration of Plaintiff's employment.

12. Defendant is not a restaurant.

13. Defendant is not a hotel.

14. Defendant is not employer in the Hospitality Industry, but rather, owns and operates check cashing facilities.

15. Defendant, by virtue of its ownership, management, and control over the wages and work of Plaintiff, is considered an employer under the NYLL §190(3).

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## CLASS ALLEGATIONS

16. Plaintiff brings this action on behalf of herself and all other similarly situated non-exempt hourly paid employees of Defendant in the State of New York at any time during the period commencing six years prior to the filing of this action and continuing until such further date as the practices complained of are discontinued (the "Class Period").

17. This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules. Plaintiff brings this action on her own behalf and as a class consisting of:

> All current and former employees who worked for Defendant in the State of New York during the Class Period who were paid at or below the minimum wage and who were required as a condition of their employment to wear uniforms; were not offered laundering services for the required uniforms; and were not provided uniform maintenance pay or reimbursement; (collectively the "Class").

18. Hereinafter, members of the class will be referred to as "Class Plaintiffs," or the "Class."

19. The Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to the Plaintiff, and calculation of such number would require facts in the sole control of Defendant, upon information and belief the size of the Class is believed to be in excess of 100 individuals. In addition, the names of all potential members of the Class are not known.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

21. There is no conflict between Plaintiff and any other member of the Class.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

22. The questions of law and fact common to the Class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, the following:

   a. whether Plaintiffs were required to wear uniforms;

   b. whether Defendant failed to reimburse Class Plaintiffs for business expenses borne for the benefit and convenience of the Defendant including the laundering of said uniforms;

   c. whether Plaintiff and Class Plaintiffs were required to purchase additional uniforms and were not reimbursed by Defendant; and

   d. whether Defendant laundered or offered to launder the required uniforms.

23. The claims of Plaintiff are typical to the claims of the Class because they are all current or former employees of Defendant who sustained damages, including underpayment of wages as a result of Defendant's common compensation policies and practices. The defenses that Defendant is likely to assert against the Plaintiff's claims are typical of the defenses that Defendant is likely to assert against the Class.

24. Plaintiff and her counsel will fairly and adequately protect the interests of the Class. The Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiff and the Class members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## FACTS

26. All of the below factual allegations are, upon information and belief, consistent among Plaintiff and all members of the Class.

27. All of the alleged violations by Defendant of the NYLL and supporting New York State Department of Labor Regulations were knowing or intentional.

28. Plaintiff's duties were to perform labor in furtherance of Defendant's business.

29. Plaintiff had no authority to hire employees, fire employees, suspend employees, discipline employees, and/or discretion or independent judgment regarding matters of significance.

30. At her time of hire, Plaintiff was provided one uniform. The uniform consisted of a shirt emblazoned with Defendant's logo. At no time was Plaintiff ever given additional articles of the uniform.

31. Approximately two weeks into Plaintiff's employment, she was provided with 3 additional uniforms, however, Plaintiff was required to return the first uniform provided by Defendant.

32. Plaintiff was required by Defendant to wear this uniform every shift.

33. Plaintiff did, in fact, wear the uniform every shift.

34. On average, Plaintiff worked approximately five to six days per week.

35. Defendant failed to supply sufficient articles of uniform clothing consistent with the average number of days per week worked by Plaintiff.

36. Defendant did not launder Plaintiff's required uniforms, nor did Defendant offer to launder the required uniforms.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

37. Plaintiff's uniform was issued by Defendant to him for the express benefit of Defendant and it was a condition of her employment to wear it in a clean condition during each shift.

38. Plaintiff's uniform required daily washing.

39. Plaintiff did wash each uniform prior to the start of her shift.

40. Defendant never paid any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

41. Plaintiff routinely spent time off-the-clock and money to clean and maintain her uniform consistent with the uniform appearance standards Defendant required.

42. Plaintiff was entitled to reimbursement or additional pay for time spent off the clock and money spent in laundering and maintained Defendant's uniform.

43. This pattern of conduct was continuous throughout Plaintiff's employment.

44. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF
OF PLAINTIFF AND THE CLASS
<u>For Violation of the New York Labor Law</u>**

45. Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

46. Defendant required Plaintiff and the Class to wear a uniform consisting of a shirt emblazoned with Defendant's logo for each of shift worked.

47. Defendant only provided Plaintiff and the Class with one to three uniforms each despite each them working five or more days per week.

48. Defendant failed to supply sufficient articles of uniform clothing consistent with the average number of days per week worked by Plaintiff and the Class.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

49. Defendant did not launder Plaintiff or the Class's required uniforms, nor did Defendant offer to launder them.

50. Plaintiff and the Class's uniforms were issued by Defendant for the express benefit of Defendant and it was a condition of their employment to wear them during each shift.

51. Defendant never paid any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

52. Plaintiff and the Class routinely spent time off-the-clock and money to clean and maintain their uniforms consistent with the uniform appearance standards Defendant required.

53. Defendant's conduct is in violation of Article 19 of the New York Labor Law and its supporting regulations, including the Minimum Wage Order for Miscellaneous Industries and Occupations 12 N.Y.C.R.R. Part 142.

54. All liquidated damages deemed punitive under CPLR 901 are hereby waived.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all Class Plaintiffs, demands judgment against Defendant as follows:

1. Certification as a class as described herein pursuant to CPLR Article 9 and appointing Plaintiff as representative of the Class and Plaintiff's counsel as lead counsel for the class;

2. A jury trial on these issues to determine liability and damages;

3. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

4. A judgment declaring that the practices complained herein are unlawful and in violation of New York Labor Law § 215; the New York Labor Law §§ 650 et seq.; the New York Wage Theft Prevention Act; 12 N.Y.C.R.R. Part 142; and any other applicable state or federal statute or regulation;

5. All damages which Plaintiff and Class Plaintiffs have sustained as a result of Defendant's conduct, including;

    a. Actual damages; and

    b. Liquidated damages equal to 100% of actual damages, where such damages are permitted by CPLR 901; and

    c. waiving all liquidated damages deemed punitive under CPLR 901.

6. Awarding Plaintiff and the Class their costs and disbursements incurred in connection with this action including reasonable attorneys' fees, and other costs, where such damages are permitted under CPLR 901, and specifically waiving such damages as deemed punitive under CPLR 901;

7. Pre-judgment and post-judgment interest, as provided by law; and

8. Granting such other and further relief as this Court deems necessary and proper.

Dated: Jericho, New York
       October 25, 2018

                                          Mark Gaylord, Esq.
                                          Bouklas Gaylord LLP
                                          *Attorneys for Plaintiffs*
                                          400 Jericho Turnpike Suite 226
                                          Jericho, NY 11753
                                          Phone: (516) 742-4949
                                          Fax:   (516) 742-1977

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.