# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLS Financial Services, Inc., <br><br> Petitioner <br><br> -against- <br><br> Jesena Soliman, <br><br> Respondent. | No. <br><br><br> ECF Case |

**DECLARATION OF TRACIE MARCUS**
**IN SUPPORT OF PETITION TO COMPEL ARBITRATION**

I, Tracie Marcus, make this Declaration pursuant to 28 U.S.C. § 1746. I hereby declare as follows:

1. I am the Vice President of Human Resources providing human resources support services to Petitioner PLS Financial Services, Inc., ("PLS").

2. I submit this Declaration in support of Petitioner's Petition to Compel Arbitration.

3. In 2015, PLS adopted a non-mandatory "Arbitration Policy/Agreement" for employees. An employee may elect to opt out of the Arbitration Policy/Agreement by submitting an "Arbitration Policy/Agreement Opt Out Form" as provided for in the Arbitration Policy/Agreement.

4. PLS Financial Services, Inc. centrally maintains all records and documentation related to "Arbitration Policy/Agreements" and "Arbitration Policy/Agreement Opt Out Form" signed by PLS employees.

5. Jesena Abreu Soliman was employed by PLS Check Cashers of New York, Inc. as a Customer Service Representative from on or about August 15, 2016 until her employment termination effective October 13, 2018. Ms. Soliman worked at PLS's stores in Bronx, NY and New York, NY during her employment with PLS.

6. A true and correct copy of the Arbitration Policy/Agreement signed by Jesena Abreu Soliman on August 15, 2016 while employed by PLS Check Cashers of New York, Inc. is attached as Exhibit A.

7. Ms. Soliman did not submit an "Arbitration Policy/Agreement Opt Out Form" as provided for in the Arbitration Policy/Agreement. PLS has no record of the existence of an "Arbitration Policy/Agreement Opt Out Form" signed by Yesena Abreu Soliman.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 16, 2018
Chicago, Illinois

_____
Tracie Marcus

# EXHIBIT A

ARBITRATION POLICY/AGREEMENT

**Introduction**

PLS Financial Services, Inc. and its affiliates, including all subsidiaries and affiliates of PLS Group, Inc. (collectively "PLS"), understands that employment-related disagreements will arise from time to time. Accordingly, PLS has adopted this Arbitration Policy/Agreement ("Agreement"). Under this Agreement, subject to certain exceptions explained below, all employment-related disputes between you ("Employee") and PLS that are not resolved informally shall be resolved by binding arbitration in accordance with the terms below. This Agreement applies equally to employment-related disputes raised by either Employee or by PLS.

**Employee should read this Agreement carefully, as it provides that virtually any dispute related to Employee's employment must be resolved only through binding arbitration. Arbitration replaces the right of both parties to go to court, including the right to have a jury decide the parties' claims. Also, this Agreement prohibits Employee and PLS from filing, opting into, becoming a class member in, or recovering through a class action, collective action, representative action, private attorney general action, or similar proceeding.**

**If Employee does not wish to be bound by the Agreement, Employee must opt out by following the steps in Section 9 of this Agreement within 30 days of Employee's execution of this Agreement. Failure to opt out within the 30-day period will demonstrate Employee's intention to be bound by this Agreement.**

### 1. How This Agreement Applies

With some exceptions that are explained below, this Agreement applies to all disputes regarding the employment relationship, trade secrets, unfair competition, compensation, pay, benefits, breaks and rest periods, termination, discrimination, or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, American With Disabilities Act, Age Discrimination in Employment Act, Family and Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act of 1974 ("ERISA"), Genetic Information Non-Discrimination Act, any amendments to any of these acts, and any and all state statutes addressing the same or similar subjects, and all other state or federal statutory and common law claims ("Covered Claims").

This Agreement is intended to apply to and cover all such disputes that Employee has against PLS that Employee could otherwise file in court and all such disputes PLS has against Employee that PLS could otherwise file in court. This Agreement requires all such disputes to be resolved

7/5/2016

only by an arbitrator through final and binding arbitration and not by way of court or jury trial. This Agreement will continue to apply after Employee is no longer employed by any PLS entity.

This Agreement does not alter the at-will nature of Employee's employment relationship with any PLS entity. Nor is it intended to substitute for, or alter, PLS's existing internal procedures for resolving complaints. It does, however, set forth rules and procedures for arbitration that apply with full force and effect to both Employee and PLS.

Both parties agree that this Agreement is enforceable under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"). If the FAA is found not to apply, then this Agreement is enforceable under the laws of the state in which Employee is (or was) employed by any PLS entity at the time Employee signed this Agreement. Any claim that all or part of this Agreement is invalid, unenforceable, unconscionable, void, or voidable may be adjudicated only by a court of competent jurisdiction and not by an arbitrator.

If any provision of this Agreement is determined by a court to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement. All other provisions shall remain in full force and effect based on the parties' mutual intent to create a binding agreement to arbitrate their disputes.

Employee has the right to consult with counsel of Employee's choice concerning how this Agreement affects Employee's rights.

## 2. What is Not Covered by this Agreement

This Agreement does not apply to claims for workers compensation, state disability insurance, and unemployment insurance benefits. This Agreement also does not preclude Employee from filing a claim or charge with a federal, state, or local administrative agency such as the Equal Employment Opportunity Commission, the U.S. Department of Labor, or the National Labor Relations Board. Further, nothing in this Agreement excuses either party from bringing an administrative claim before a state or federal agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

This Agreement also does not apply to claims for employee benefits under any benefit plan sponsored by PLS and covered by ERISA or funded by insurance; however, this Agreement does apply to any claims for breach of fiduciary duty, for penalties, or alleging any other violation of ERISA even if such claim is combined with a claim for benefits.

This Agreement also does not apply to any dispute that is within the jurisdiction of, or amenable to resolution under, any valid collective bargaining agreement with PLS.

7/5/2016

3. **Pending Litigation**

This Agreement does not apply in any way to any lawsuit on file with any court as of September 8, 2015. This agreement does, however, apply to all lawsuits that are filed after September 8, 2015.

4. **Class Action Waiver, Collective Action Waiver, Representative Action Waiver, and Private Attorney General Action Waiver**

   (a) Employee and PLS agree to bring any Covered Claim on an individual basis only. This Agreement prohibits Employee and PLS from:
      i. filing a class action, collective action, representative action, private attorney general action, or similar proceeding;
      ii. opting into a class action, collective action, representative action, private attorney general action, or similar proceeding;
      iii. becoming a class member in a class action, collective action, representative action, private attorney general action, or similar proceeding; or
      iv. recovering through a class action, collective action, representative action, private attorney general action, or similar proceeding.

   (b) Further, under no circumstances may any Covered Claim be arbitrated as a class arbitration, collective arbitration, representative arbitration, or private attorney general arbitration. Should a court of competent jurisdiction find that any portion of a Covered Claim must be litigated as a class, collective, representative, or private attorney general proceeding (and such finding is confirmed by appellate review if review is sought), that portion of the Covered Claim must be litigated in a Court and not in an arbitration.

5. **Starting The Arbitration**

The party wishing to bring any Covered Claim(s) must do so in arbitration. To start the arbitration, Employee must submit a written demand for arbitration by certified mail sent to PLS Financial Services, Inc., Attn: Legal Department, One South Wacker, 36th Floor, Chicago, IL 60606. In the case of a PLS-initiated claim, PLS shall notify Employee of its initiation of the arbitration process by serving a demand for arbitration upon Employee by certified and first class mail to Employee's last known home address.

Any demand for arbitration by either party shall identify the parties, describe the legal and factual basis of the dispute (including a description of the alleged act or omission at issue), identify all persons involved in the dispute, and specifically state the remedy being sought.

The arbitration demand must be sent within the time limits that would apply to the party's claim if it were being resolved in court. The sent date will be determined by the date of postmark on the certified mail envelope in which the demand is mailed. The arbitrator shall resolve all disputes regarding the timeliness or sufficiency of the demand for arbitration.

A party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled may be rendered ineffectual without such provisional relief.

## 6. Selecting a Neutral Arbitrator; Payment

The arbitration shall be conducted under the employment arbitration rules of the arbitration organization that is selected. Employee may select the arbitration organization of his/her choice from: American Arbitration Association, 150 North Michigan Avenue, Suite 3050, Chicago, IL 60601, www.adr.org, (800) 778-7879; JAMS, 1920 Main Street, Suite 300, Irvine, CA 92614, www.jamsadr.com, 800-352-5267; or any other arbitrator (including an attorney, retired judge, or an arbitrator registered and in good standing with an arbitration association) satisfactory to PLS. If an arbitration organization is selected, the individual Arbitrator will then be chosen in accordance with the rules of the selected arbitration organization. If Employee does not select an arbitration organization or arbitrator within 20 days after notice, PLS shall be entitled to select an arbitration organization. If the named organization will not conduct the arbitration according to this Agreement, or if the parties are not able to agree on another arbitrator, Employee agrees that PLS may ask any court of competent jurisdiction to appoint an arbitrator to conduct the arbitration in accordance with this Agreement.

**Location of Arbitration.** The location of the arbitration proceeding shall be no more than 45 miles from the location where Employee last worked for any PLS entity, unless each party agrees otherwise.

**Payment.** PLS shall pay the arbitrator's fees.

## 7. How Arbitration Proceedings Are Conducted

In arbitration, the parties will have the right to conduct adequate civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses. Any disputes in this regard shall be resolved by the Arbitrator, provided, however, that to the extent discovery and presentation of witnesses and evidence would be limited or unavailable under applicable law if the dispute were brought in court, such limitations shall also apply in arbitration.

Both parties will have the right to be represented by an attorney in any arbitration under this Agreement. However, neither party is required to be represented by an attorney. Each party

shall pay the fees for his, her or its own attorneys, and any related expenses, including the expenses of witnesses called by such party, depositions, or any other costs that would otherwise be borne by a party were the claims brought in court, subject to any remedies to which that party may later be entitled under applicable law.

The Arbitrator will not have the authority to determine whether this Agreement or any portion of it is enforceable, revocable or valid.

Additionally, nothing in the rules applied by the Arbitrator should be construed or interpreted to allow for class arbitration, collective arbitration, representative arbitration, or private attorney general arbitration.

## 8. The Arbitration Hearing and Award

The parties will arbitrate their dispute before the Arbitrator, who shall confer with the parties regarding the conduct of the hearing and resolve any disputes the parties may have in that regard. Within 30 days of the close of the arbitration hearing, any party will have the right to prepare, serve on the other party, and file with the Arbitrator a brief. The Arbitrator may award any party any remedy to which that party is entitled under applicable law, including an award of attorneys' fees, but such remedies shall be limited to those that would be available to a party in a court of law for the claims presented to and decided by the Arbitrator. No remedies that otherwise would be available to an individual in a court of law will be forfeited by virtue of this Agreement. Within 30 days after the submission of the briefs or as soon as possible thereafter, the Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. Except as may be permitted or required by law, as determined by the Arbitrator, neither a party nor an Arbitrator may disclose the content or results of any arbitration hereunder without the prior written consent of all parties. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

## 9. Employee's Right to Opt Out

Any Employee who does not wish to be bound by the terms of this Agreement may opt out by notifying PLS in writing, using the "Arbitration Policy/Agreement Opt Out Form" ("Form"). The Form may be obtained by clicking on the Human Resources tab at the top of the PLS iConnect web site, and then clicking on "Forms." Contact your Regional Manager of Human Resources if you need assistance in obtaining the Form. The completed Form must include Employee's signature and date, and Employee's name must be printed legibly. To be effective, the completed Form must be returned by mail to PLS Financial Services, Inc., Attn: Legal Department, One South Wacker Drive, 36th Floor, Chicago, IL 60606, within thirty (30) days of Employee's execution of this Agreement (the "Opt-Out Period").

An Employee who timely opts out will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to this

7/5/2016

Agreement. Should Employee choose to opt out of the Agreement, Employee acknowledges and agrees that PLS is no longer bound by the terms of the Agreement and may elect to bring any Covered Claims it has against Employee in a court rather than in arbitration.

By not opting out of this Agreement within the Opt-Out Period, Employee will be deemed to have agreed to be bound by this Agreement.

Employee:

_Jesena Abreu_
Signature

_Jesena Abreu_
Print Full Name

_08/15/2016_
Date

PLS Financial Services, Inc. (with authority to sign on behalf of all subsidiaries and affiliates of PLS Group, Inc.):

By: _[signature]_

Its: _President_

Date: _7/12/2016_

_____
Employee ID Number (if you know it)

_CC936_
Store Number or Support Center (if applicable)

7/5/2016