```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PLS FINANCIAL SERVICES, INC.,

                 Petitioner,

    - against -

JESENA ABREU SOLIMAN,

                 Respondent.

---

19cv1443 (JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL, District Judge:**

The petitioner, PLS Financial Services, Inc., seeks to compel the respondent, Jesena Abreu Soliman, to arbitrate her New York State wage claims against PLS Check Cashers of New York, Inc., based on an arbitration agreement between the parties. The respondent argues that, among other things, this Court does not have jurisdiction over this case because the amount in controversy is less than $75,000. For the reasons explained below, this case is dismissed for lack of subject matter jurisdiction.

**I.**

On October 25, 2018, the respondent filed claims in New York State court against her former employer, PLS Check Cashers of New York, Inc., for violation of the New York State Labor Law, New York Code of Rules and Regulations, and New York Wage Theft Prevention Act. (Pet. Ex. 1 at 1.) On February 14, 2019, the petitioner filed a petition in this Court to compel

1

arbitration of the claims that the respondent had filed in the New York State court. (Dkt. No. 1.)

The petitioner asserts that this Court has jurisdiction over this case based on diversity jurisdiction. (Pet. ¶¶ 4-5.) The respondent argues that the Court does not have diversity jurisdiction over this case because the complaint does not plausibly allege that the amount in controversy exceeds $75,000. (Resp. Mem. at 2-3.) By Order dated May 28, 2019, the Court requested that the respondent confirm "that she does not seek and would not accept a judgment in the state court action that exceeds $75,000 including attorneys' fees, but exclusive of interest and costs, as specified in 28 USC § 1332." (Dkt. No. 18.) By letter dated May 31, 2019, the respondent notified the Court that the respondent does not seek and would not accept a judgment in the state court action that exceeds $75,000 including attorneys' fees, but exclusive of interest and costs. (Dkt. No. 20.)

## II.

In order for the Court to exercise diversity jurisdiction over a case, the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332. "In the context of a petition to compel arbitration, . . . courts . . . 'look through to the possible award resulting from the desired arbitration, since the petition to compel arbitration is only the initial

2

step in a litigation which seeks as its goal a judgment affirming the award.'" Doctor's Assocs., Inc. v. Hamilton, 150 F.3d 157, 160 (2d Cir. 1998) (quoting Davenport v. Procter & Gamble Mfg. Co., 241 F.2d 511, 514 (2d Cir. 1957)). The rule governing dismissal for lack of jurisdiction based on the amount in controversy requirement is that, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify a dismissal." A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82, 87 (2d Cir. 1991) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)).

In this case, the state court complaint does not plausibly allege damages in excess of $75,000 on the respondent's individual claims and the petitioner does not allege that the amount in controversy included any damages other than those allegedly suffered by the respondent individually. It appears to be a legal certainty that the respondent is not seeking in excess of $75,000. The respondent claims that the petitioner did not pay for uniform maintenance or provide reimbursement for the cost of maintaining uniforms. The respondent was employed by the petitioner for less than two years, and the respondent argues that these uniform maintenance costs, even with

3

liquidated damages, could not have been in excess of $75,000. Moreover, the respondent has confirmed that she does not seek and would not accept a judgment in the state court action that exceeds $75,000 including attorneys' fees, but exclusive of interest and costs. The Court can take that representation into account. See, e.g., Ryan v. Cerullo, 343 F. Supp. 2d 157, 160 (D. Conn. 2004) (holding that the plaintiff's post-removal clarifying stipulation that he would not seek or accept damages in excess of the amount-in-controversy requirement was sufficient to establish a lack of subject-matter jurisdiction). Therefore, the underlying claim is for less than the amount in controversy required by 28 U.S.C. § 1332 and the Court does not have jurisdiction over this case.

## CONCLUSION

The petition to compel arbitration is **dismissed without prejudice** for lack of subject matter jurisdiction. The Clerk of Court is directed to enter judgment dismissing the petition without prejudice. The Clerk is also directed to close this case and to close all pending motions.

**SO ORDERED.**

Dated:   New York, New York
         June 8, 2019

                                    _____
                                    John G. Koeltl
                                    **United States District Judge**

4